IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CV-00704-M

THERESSA GLOVER and GUILLERMO
MALDONADO-SANCHEZ,

    Plaintiff,

v.

RDU AIRPORT AUTHORITY et al.,

    Defendants.

ORDER

    This matter comes before the court on the memorandum and recommendation (the "Recommendation") entered by Magistrate Judge Robert B. Jones, Jr. in this case on November 18, 2024 [DE 58]. In the Recommendation, Judge Jones recommends that the court deny as moot Plaintiffs' first and second motions to amend their (amended) complaint, grant in part and deny in part Plaintiffs' third motion to amend, and grant in part and deny in part Defendant's motion to dismiss. DE 58 at 1, 22. The Recommendation was served on the parties, and Plaintiffs timely objected to the Recommendation. DE 59.

    A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear

1

error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

At the outset, the court notes that Plaintiffs' filings are not a model of clarity. In particular, their objection to the Recommendation appears to consist of some original analysis, content copied and pasted from various websites (without citation), and text generated by artificial intelligence. *See generally* DE 59. Filings such as these contravene this court's Local Rules and interfere with efficient dispute resolution. *See* Local Civil Rule 7.2(a)(3); Local Civil Rule 10.1. Plaintiffs are advised to conform future filings to the Federal Rules of Civil Procedure and this court's Local Rules; the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

With that said, the court has sought to liberally construe the substance of Plaintiffs' objection and consider their factual allegations in the light most favorable to them, as it must. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). After such liberal construction and de novo review of the Recommendation, the court adopts all but one of the findings and conclusions of Judge Jones as its own. The court only departs with the sound reasoning of the Recommendation with regard to its analysis of Plaintiff Glover's first amendment retaliation claim. *See* DE 58 at 14-15.

Pertinent to that claim, Plaintiffs allege that Plaintiff Glover, a rideshare driver who regularly serviced the Raleigh-Durham International Airport ("Airport"), sought assistance from Defendant concerning a male rideshare driver "who had been stalking, harassing, and intimidating her." DE 45-2 at 3. One of Defendant's officers told Plaintiff Glover that there was nothing he could do about the harassment. *See id.* Plaintiff Glover attempted to fill out a statement regarding

the male driver's actions but was threatened (by another of Defendant's officers) with a lifetime ban if she submitted the statement to Defendant. *See id.* Instead of completing the statement, Plaintiff Glover warned the male driver that she had reported his conduct to Defendant. *Id.* At that point, the male driver complained to Defendant about a months-old incident where Plaintiff Glover had told the male driver to move his "ass" in the Airport's rideshare staging lot if he did not "like" where he was "parked." *See id.* at 11-12. After receiving that complaint from the male driver, Defendant allegedly banned Plaintiff Glover from the Airport's property for life, and admitted that the ban was due to the male driver's report that she said "a curse word." *Id.*; *see also id.* at 4.

Taking those allegations in the light most favorable to the Plaintiff, the court cannot find as a matter of law that Defendant's decision to "ban[]" Plaintiff Glover from the Airport "for life . . . because she admitted" to saying "the word 'Ass,'" *id.* at 11-12, in the Airport parking lot was a decision exercised "to the degree reasonably necessary to preserve th[at] forum for its intended use." *Multimedia Pub. Co. of S.C. v. Greenville-Spartanburg Airport Dist.*, 991 F.2d 154, 162 (4th Cir. 1993). Drawing every reasonable inference in Plaintiff Glover's favor (and putting Defendant's assessment of her speech in the context of her multiple reports to Defendant about a stalker), her prior use of profane language does not appear to have interfered with the "intended purpose[]" of the airport parking lot. *See id.*; *see also Tobey v. Jones*, 706 F.3d 379, 388 (4th Cir. 2013) (holding that, even on airport property, "the First Amendment protects bizarre behavior," and determining whether speech was "bizarre" or "disruptive" requires resolving "a disputed question of fact").[1] The court notes, though, that what is plausible may not be probable, and factual

---

[1] The court is hesitant to announce a rule to the contrary, which would in effect give airport officials "unbridled discretion" to ban individuals from airports for seemingly innocuous statements. *Cf. City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 755 (1988) (recognizing, in context of licensing scheme, that such discretion can result in censorship); *Lewis v. City of New Orleans*, 415 U.S. 130, 135 (1974) (Powell, J., concurring in the result) (rejecting

3

development is necessary to ascertain whether that was the true basis for Defendant's ban of Plaintiff Glover.

Accordingly, the Recommendation [DE 58] is ADOPTED IN PART and REJECTED IN PART. Plaintiffs' first and second motions to amend [DE 40; DE 43] are DENIED AS MOOT, Plaintiffs' third motion to amend is GRANTED IN PART and DENIED IN PART, and Defendant's motion to dismiss [DE 34] is GRANTED IN PART and DENIED IN PART. Plaintiff Sanchez's First Amendment Retaliation claim against Justin Johnson shall proceed, and Plaintiff Glover's First Amendment Retaliation claim against David Witherspoon and Chris Slavik shall proceed. Johnson, Witherspoon, and Slavik shall be added as an individual-capacity Defendants in this matter. In all other respects and to all other claims, Defendant's motion to dismiss is GRANTED.

SO ORDERED this 14th day of January, 2025.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

law granting government officials "virtually unrestrained power" to penalize speech). "Because First Amendment freedoms need breathing space to survive," *Nat'l Ass'n for Advancement of Colored People v. Button*, 371 U.S. 415, 433 (1963), the court finds that Plaintiff Glover has plausibly alleged a First Amendment Retaliation claim.

4