THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-704-M

THERESSA GLOVER and GUILLERMO )
MALDONADO-SANCHEZ, )
 )
    Plaintiffs, )
 )
v. )     O R D E R
 )
DAVID WITHERSPOON, et al., )
 )
    Defendants. )

This matter is before the court on Plaintiffs Theressa Glover and Guillermo Maldonado-Sanchez's ("Plaintiffs") motion to strike the answer and affirmative defenses of Defendants David Witherspoon, Chris Slavik, and Justin Johnson ("Defendants") and for sanctions. [DE-90]. Defendants filed a response in opposition, [DE-102], and Plaintiffs filed a reply, [DE-103], and a supplemental memorandum in support of the motion,[1] [DE-104]. The motion is ripe for decision and referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons stated below, Plaintiffs' motion is denied.

I.     **Background**

Plaintiffs originally filed this action in Wake County Superior Court against RDU Airport Authority ("RDU"), and individual defendants Chris Slavik, David Witherspoon, and Justin Johnson in their official capacities, alleging that Plaintiffs were wrongfully banned from providing rideshare transportation, e.g., Uber or Lyft, to passengers at RDU. [DE-1-1]. Defendants removed the action to this court and after a series of amendments and motions to dismiss, the court

---

[1] Plaintiffs filed the memorandum after Defendants asserted in their response that Plaintiffs failed to file a memorandum in support of the initial motion as required by Local Civil Rule 7.1(e), E.D.N.C. *See* Defs.' Resp. [DE-102] at 8; Pls.' Reply [DE-103] at 2.

ultimately allowed the following claims to proceed: Sanchez's First Amendment Retaliation claim against Justin Johnson, and Glover's First Amendment Retaliation claim against David Witherspoon and Chris Slavik. [DE-67]. Plaintiffs then refiled their third amended complaint, [DE-68],[2] Defendants filed an answer to the third amended complaint, [DE-89], and Plaintiffs filed the instant motion to strike the answer and affirmative defenses and for sanctions, [DE-90]. In their reply, Plaintiffs abandoned the request to strike paragraphs 1–2, 14–19, 29, 43, 100, 101, and 105, as well as the request for sanctions. Pls.' Reply [DE-103] at 2–3.

## II.  Standard of Review

"The court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *United States v. Valentine*, 751 F. Supp. 3d 617, 625 (E.D.N.C. 2024) (quoting Fed. R. Civ. P. 12(f)). "District courts have considerable discretion in deciding Rule-12(f) motions to strike." *Pike v. Wells Fargo Bank, N.A.*, No. 7:20-CV-00219-M, 2021 WL 2445893, at *2 (E.D.N.C. June 15, 2021) (citing *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 325 (4th Cir. 2018)), *on reconsideration*, 2022 WL 1196694 (E.D.N.C. Apr. 21, 2022). Striking material from a pleading is a "drastic remedy," and Rule 12(f) motions are disfavored. *Valentine*, 751 F. Supp. 3d at 625 (citing *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)). As a result, "the standard by which courts judge Rule 12(f) motions imposes a sizable burden on the movant." *Id.* (quoting *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993)). Courts "view the [portion of the] pleading under attack in a light most favorable to the pleader," *Valentine*, 751 F. Supp. 3d at 625 (quoting *M. T. ex rel. Hayes v. Medley*, No. 14-CV-0424, 2014 WL 1404527, at *1 (D. Md. Apr. 9, 2014)), and "generally deny motions to strike absent some showing 'of significant prejudice to one or more of the parties to the action,'" *id.*

---

[2] The third amended complaint is the operative complaint as limited by the court's order prior order on Plaintiffs' motion to amend. [DE-67, -68].

2

(quoting *Bailey v. Fairfax Cnty., Virginia*, No. 1:10-CV-1031, 2010 WL 5300874, at *4 (E.D. Va. Dec. 21, 2010)); and citing *Staley v. McDonough*, No. 1:22-CV-317, 2023 WL 5021196, at *5 (M.D.N.C. Aug. 7, 2023) ("District courts do not grant Rule 12(f) motions unless the moving party shows prejudice")).

### III. Discussion

Plaintiffs assert that they provided Defendant with "multiple pieces of evidence including the evidence that Plaintiffs submitted to the Court" and argue that "when the Defense submitted their Answer to the Plaintiffs['] Complaint it should have included what the evidence had already proven." Pls.' Mem. [DE-104] at 2. However, a motion to strike is not the appropriate vehicle to challenge the facts, even those Plaintiffs contend are undisputed, and Plaintiffs have failed to demonstrate any prejudicial harm. *See Culver v. JBC Legal Group, P.C.*, No. 5:04-cv-389-FL, 2005 WL 5621875, at *3 (E.D.N.C. June 28, 2005) (explaining "[m]otions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party.") (quoting *Tivoli Reality Inc. v. Paramount Pictures, Inc.*, 80 F. Supp. 800, 803 (D. Del. 1948)); *Pickens v. Hendricks*, No. 1:21-CV-00030-MR, 2021 WL 6064417, at *1 (W.D.N.C. Dec. 20, 2021) (denying motion to strike where the plaintiff "expresse[d] his disagreement with several of the Defendants' factual statements, [but] failed to demonstrate any defect such as insufficiency, redundancy, or immateriality," and the plaintiff "will be able to challenge the Defendants' factual assertions during the litigation of this matter."). As one court has ably explained:

> In deciding a motion to strike under Rule 12(f), courts generally do not consider "matters outside the pleadings." *Clark v. Pizza Baker, Inc.*, No. 2:18-cv-157, 2019 WL 4601930, at *8 (S.D. Ohio Sept. 23, 2019) (internal quotation marks omitted); *see Baucom v. Cabarrus Eye Ctr., P.A.*, No. 1:06-cv-209, 2007 WL 1074663, at *2 (M.D.N.C. Apr. 4, 2007) (noting that "[m]atters outside the pleadings are not considered" in connection with a Rule 12(f) motion); *Antoniou v. Thiokol Corp.*

3

*Group Long Term Disability Plan*, 849 F. Supp. 1531, 1533 (M.D. Fla. 1994) ("[M]atters outside the pleadings, such as affidavits or depositions must be disregarded in an analysis under a Rule 12(f) motion to strike."). Indeed, "[a] motion to strike under Rule 12(f) is not a mechanism for deciding disputed issues of law or fact, especially where, as here, there has been no discovery, and the factual issues on which the motion to strike largely depends are disputed." *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011). A litigant's "argument that the allegations are false is irrelevant to [a] motion to strike" because "[w]hether they are true and supportable by admissible evidence will be borne out in discovery." *GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09CV123 (JCC), 2009 WL 2160451, at *10 (E.D. Va. July 17, 2009). Rather, "[t]he inquiry looks to whether the allegations are 'impertinent' or 'scandalous.'" *Id.* Allegations are scandalous under Rule 12(f) where they are "replete with abusive language and ad hominem attacks," *Collura v. City of Philadelphia*, 590 F. App'x 180, 185 (3d Cir. 2014), or "impugn[ ] the character of [a party]," *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 617–18 (1st Cir. 1988). Even if the material is scandalous, however, "a motion to strike a matter from an answer will not be granted, unless the moving party demonstrates that . . . [the] presence [of the challenged material] in the pleading throughout the proceeding will be prejudicial to the moving party." *Pennington v. Myers*, No. CA 3:12-cv-1509-JFA-SVH, 2013 WL 3479680, at *2 (D.S.C. July 10, 2013) (internal citations omitted).

. . . .

Indeed, "[t]he entire purpose of the litigation process, including discovery, is for the trier of fact to ultimately determine the facts based on a thorough investigation and presentation by the parties. *By their very nature, pleadings will often contain allegations that are ultimately found to be untrue, but this does not render the pleadings improper or subject to being stricken at the beginning of the litigation process.* Otherwise, . . . courts would be overwhelmed with motions to strike allegations whenever they are factually denied by defendants. *N.S. by & through J.S. v. Tennessee Dep't of Educ.*, No. 3:16-cv-0610, 2017 WL 1347753, at *6 (M.D. Tenn. Apr. 12, 2017) (emphasis added)."

*Mod. Pharmacy, LLC v. J M Smith Corp.*, No. 7:19-CV-1218-TMC, 2020 WL 13490927, at *3–4 (D.S.C. Mar. 18, 2020).

The court has thoroughly reviewed Plaintiffs' objections to Defendants' answer and affirmative defenses and finds that Plaintiffs have failed to carry their "sizeable burden." *Valentine*, 751 F. Supp. 3d at 625 (citation omitted). Here, Plaintiffs simply dispute the facts and have not shown that the pleading material they seek to strike is "redundant, immaterial,

4

impertinent, or scandalous matter" or that they will suffer prejudicial harm absent relief. Accordingly, the motion to strike is denied.

## IV. Conclusion

For the reasons stated above, Plaintiffs' motion to strike and for sanctions is denied.

So ordered, the 2nd day of September, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge